IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-01444-PAB-CBS

DEUTSCHE BANK TRUST COMPANY AMERICAS, in its capacity as successor indenture trustee for certain series of Senior Notes,
LAW DEBENTURE TRUST COMPANY OF NEW YORK, in its capacity as successor indenture trustee for certain series of Senior Notes, and
WILMINGTON TRUST COMPANY, in its capacity as successor indenture trustee for the PHONES notes,

    Plaintiffs,

v.

OPPENHEIMER MAIN STREET OPPORTUNITY FUND (n/k/a Oppenheimer Main Street Select Fund),
OPPENHEIMER MAIN STREET SMALL CAP FUND (n/k/a Oppenheimer Main Street Small-& Mid-Cap Fund), and
OPPENHEIMER VARIABLE ACCOUNT FUNDS (d/b/a Oppenheimer Main Street Small Cap Fund/VA, n/k/a Oppenheimer Main Street Small- & Mid-Cap Fund/VA),

    Defendants.

## ORDER OF DISMISSAL

This matter comes before the Court *sua sponte* on plaintiffs' complaint [Docket No. 1]. The complaint alleges that the Court has jurisdiction over this case based on diversity of citizenship pursuant to 28 U.S.C. § 1332. *See* Docket No. 1 at 9.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427

F.3d 1238, 1245 (10th Cir. 2005). Courts are well advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. See *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("[I]f the parties fail to raise the question of the existence of jurisdiction, the federal court has the duty to raise and resolve the matter."). Second, "[s]ubject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings." *Laughlin*, 50 F.3d at 873. Finally, delay in addressing the issue only compounds the problem given that, if jurisdiction is lacking, the case must be dismissed or remanded regardless of the stage it has reached. See *U.S. Fire Ins. Co. v. Pinkard Const. Co.*, No. 09-CV-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Plaintiffs invoke 28 U.S.C. § 1332(a)(1), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Here, plaintiffs allege that each of the defendants "either is – (i) a natural person who resides in or is domiciled in this State, (ii) a juridical entity that is incorporated, organized, established, headquartered, or conducts or is licensed to conduct business within this State, or (iii) a natural person or juridical entity that, upon information or belief, regularly transacts or solicits business in this State, derives substantial revenue

from goods used or services rendered in this State, or maintains relations to or engages in any other persistent course of conduct in this State sufficient to afford a basis for the exercise of personal jurisdiction." Docket No. 1 at 8-9, ¶¶ 21.  As an initial matter, the portions of this allegation referring to natural persons have no clear relationship to the defendants sued in this action, as none of the defendants are natural persons.

Therefore, it appears that only the allegations referring to "juridical entit[ies]" have any relevance to a determination of defendants' citizenship.  Yet, these allegations provide no basis to assess whether the Court may exercise subject matter jurisdiction over plaintiffs' claims.  Plaintiffs have completely failed to identify the nature of each defendant's business organization.  Without this information, the Court cannot even choose the relevant test to determine each defendant's citizenship.  For instance, if a defendant is a limited liability partnership or limited liability company, plaintiffs' allegations regarding its state of incorporation and the location of its headquarters are irrelevant.  *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990).  Furthermore, even if the Court were to assume – which it is not free to do when assessing its subject matter jurisdiction – that each defendant is a corporation, plaintiffs' allegations that they are "incorporated, organized, established, headquartered, *or* conducts or is licensed to conduct business within this State," Docket No. 1 at 8-9, ¶ 21 (emphasis added), are wholly insufficient.  None of those facts are independently adequate to establish citizenship in this state, while some are entirely irrelevant to that determination.  *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated *and* of the State where it has its principal place of

business.") (emphasis added).[1]

Plaintiffs fail to allege the most basic facts supporting the Court's subject matter jurisdiction. *See United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction.") (citations and internal quotation marks omitted). Therefore, it is

**ORDERED** that this case is dismissed without prejudice for lack of subject matter jurisdiction.

DATED June 6, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[1] With respect to their own citizenship, plaintiffs allege as follows:
- "Plaintiff DBTCA is a trust company that is incorporated in the State of New York with its principal place of business in New York, New York." Docket No. 1 at 6, ¶ 14.
- "Plaintiff Law Debenture is a trust company that is incorporated in the State of New York with its principal place of business in New York, New York." Docket No. 1 at 7, ¶ 15.
- "Plaintiff Wilmington Trust is a trust company that is incorporated in the State of Delaware with its principal place of business in Wilmington, Delaware." Docket No. 1 at 7, ¶ 17.

Plaintiffs bring this action on "behalf of" certain unidentified holders of debt securities. The Court cannot determine from the allegations whether the citizenship of those holders is relevant to the determination of this Court's subject matter jurisdiction. Because of the facially deficient nature of the allegations regarding the defendants' citizenship, however, the Court need not address that question.